UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY WILLIAMS, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:05-CV-334-TS |
| ED BUSS, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Anthony Williams, a prisoner confined at the Pendleton Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with a prison disciplinary hearing. On October 25, 2004, Mr. Williams produced a urine sample to be tested for drug use. The laboratory reported that the sample tested positive for use of marijuana, and a conduct report was written against Mr. Williams for possession or use of an unauthorized drug. On November 15, 2004, a disciplinary board found him guilty, sanctioned him with a loss of sixteen days of earned credit time, and demoted him from Credit Class II to Credit Class III. Mr. Williams unsuccessfully appealed to the facility superintendent and the final reviewing authority.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Williams asserts that the disciplinary board did not consider the chain of custody papers, that prison officials did not follow the steps necessary to ensure a proper chain of custody, and that he never received a copy of the denial of his appeal to the final reviewing authority.

Mr. Williams alleges that he never received a copy of the final denial of his appeal; the respondent asserts that the final reviewing authority sent the denial of his appeal to Mr. Williams twice. While the Indiana Department of Correction ("IDOC") has established an administrative appeals process, an appeals procedure is not one of the due process rights guaranteed by *Wolff v. McDonnell*. Even if Mr. Williams did not receive a timely notification of the denial of his appeal, claims that prison officials violated IDOC policy in depriving prisoners of earned credit time are not cognizable in § 2254 actions. Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F.Supp. 765 (N.D.Ind. 1997).

Mr. Williams asserts that the disciplinary board did not consider the chain of custody document and that prison officials did not follow the steps necessary to ensure a proper chain of custody. Pursuant to *Wolff v. McDonnell*, prisoners have a right to present evidence on their own behalf. In *Piggie v. Cotton*, 344 F.3d 674, 677-78 (7th Cir. 2003) the court stated that "the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), requiring the disclosure of material, exculpatory evidence, applies to prison disciplinary proceedings." *See also Chavis v. Rowe*, 643 F.2d 1281, 1285-86 (7th Cir.1981). *Brady* has two functions in the prison disciplinary context. The first is to ensure that the disciplinary board considers all relevant evidence. The second is to enable the prisoner to present his best defense. *Piggie v. Cotton*, 344 F.3d at 678.

But that prisoners may present evidence does not mean that they must have physical possession of the evidence; it is sufficient that the disciplinary board review relevant documents and make pertinent inquiries. The respondent's submissions establish that the disciplinary board had the

2

laboratory report, which certified that it received Mr. Williams's specimen with a valid chain of custody intact, and the board looked into questions Mr. Williams raised at the hearing.

Mr. Williams argued to the disciplinary board that he hadn't smoked any marijuana since his last test. In his traverse, he elaborates on that statement by stating that he:

> was not positing that the chain of custody was tampered with, but rather that there was a discrepancy between the dates provided in the chain of custody, and the actual dates. He wished to prepare and present a defense that centered upon the fact that he had recently been found guilty of the exact same offense and that it was actually the very same marijuana metabolites in his body that had been detected weeks earlier. Crucial to this defense would be have been to establish the actual date the specimen had been taken from him.

Traverse at pp. 8-9.

The disciplinary board took Mr. Williams's argument about the date of the test sufficiently seriously to inquire into the facts. The AIT Laboratories Report (Resp. exh. B) contains a handwritten note "Per Sgt. Brubaker via telephone on 11/12/04 @ 12.24 p.m. specimen was taken 10/25/04." The laboratory received the sample on October 27, 2004, which would be consistent with receipt of a sample collected on October 25.

Once the petitioner has received the procedural protections set forth in *Wolff v. McDonnell*, this court's review is limited to whether there is "some evidence" to support the CAB's findings. *Superintendent v. Hill*, 472 U.S. at 454-55; *Hamilton v. O'Leary*, 976 F.2d 341, 344-45 (7th Cir. 1992). The disciplinary board provided Mr. Williams with the *Wolff* procedural protections, obtained testimony from the officer who administered the test, and determined that the test was performed on October 25, 2005. Mr. Williams does not assert that the chain of custody was otherwise inadequate, and the positive test result provides sufficient evidence to support the board's finding.

For the foregoing reasons, the court the court DENIES this petition.

SO ORDERED on January 26, 2006.

    /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT